**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BROOKE POPE, | ) | 3:25-CV-00588 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Defendant*. | ) | July 17, 2026 |

**RULING ON MOTION TO DISMISS**

Sarala V. Nagala, United States District Judge.

In this negligence action brought pursuant to the Federal Tort Claims Act ("FTCA"), Plaintiff Brooke Pope alleges that Defendant the United States of America (the "United States"), through its agent Emily Ann Melin, an employee of the Department of Veterans' Affairs, negligently injured Plaintiff in a motor vehicle accident in Bethany, Connecticut in February of 2023.

The United States has filed a motion to dismiss Plaintiff's complaint, arguing that Melin was not acting within the scope of her employment at the time of the accident, which would make the FTCA's waiver of sovereign immunity inapplicable and result in a lack of subject matter jurisdiction. Plaintiff does not oppose the motion. For the reasons described below, the United States' motion to dismiss is granted and Plaintiff's complaint is dismissed.

## I.    FACTUAL BACKGROUND

On February 1, 2023, in Bethany, Connecticut, Plaintiff was driving east on Cheshire Road when a vehicle driven by Melin, an employee of the United States, collided with Plaintiff's vehicle. Compl., ECF No. 1 ¶¶ 11–14. The investigating officer attributed the collision to Melin's failure to grant the right of way to Plaintiff. *Id.* ¶ 15. Melin was issued a written warning for an improper turn. *Id.* ¶ 16.

Plaintiff's complaint brings one count, alleging common law negligence.  *Id.* at 2–4. Plaintiff alleges that Melin, while acting in the scope of her employment, was the direct and proximate cause of Plaintiff's injuries, making the United States vicariously responsible.  *Id.*  As a result of the collision, Plaintiff suffered spinal injuries and pain and suffering.  *Id*. at 3–4. Plaintiff seeks monetary damages.  *Id.* ¶ 26.

The United States has filed a motion to dismiss, asserting that it is not vicariously liable for Plaintiff's injuries because Melin was acting outside of the scope her employment with the United States at the time of the collision and, as a result, Plaintiff's claim does not come under the United States' waiver of sovereign immunity and the Court lacks subject matter jurisdiction.  *See* U.S. Mot. to Dismiss, ECF No. 14.  Plaintiff has not opposed the motion, despite being given an extension of time in which to do so.  *See* Order, ECF No. 15.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction.  A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A defendant is permitted to make a Rule 12(b)(1) motion challenging the subject matter jurisdiction-related facts alleged in a plaintiff's complaint by "proffering evidence beyond the [p]leading." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).  "In opposition to such a motion, the plaintiff[] will need to come forward with evidence of [her] own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).  The plaintiff bears the burden of proving subject

matter jurisdiction by a preponderance of the evidence. *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019).

## III. DISCUSSION

For the reasons explained below, the Court concludes it lacks subject matter jurisdiction to adjudicate Plaintiff's claim and thus grants the United States' motion to dismiss.

It is well-settled that the "United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Id.* at 81. The "waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction" in a case involving the United States. *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Housing & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

The FTCA, "designed primarily to remove the sovereign immunity of the United States from suits in torts," operates as one such waiver. *Millbrook v. U.S.*, 569 U.S. 50, 52 (2013) (citation omitted); 28 U.S.C. § 1346. The FTCA grants federal district courts exclusive jurisdiction over "civil actions on claims against the United States, for money damages . . . or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" such that "the United States, if a private person, would be liable . . . [under] the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, the "source of substantive liability under the FTCA is the law of the [relevant] State." *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (internal quotations omitted); *see also Masucci v. United States*, No. 3:23-CV-623 (VDO), 2024 WL 3493214, at *3 (D. Conn. July 22, 2024) (quoting 28 U.S.C. § 1346(b)).

Under Connecticut law, "[a] servant acts within the scope of employment while engaged in the service of the master . . ." *A–G Foods, Inc. v. Pepperidge Farm, Inc.,* 216 Conn. 200, 209–10 (1990). And an employer is liable only for those torts of an employee "which are done with a view of furthering [the employer's] business . . ." *Bradlow v. Am. District Telegraph Co.,* 131 Conn. 192, 196 (1944). An employee is not acting within the scope of her employment if she has abandoned her master's business, but is still within the scope of her employment if her actions are motivated "at least in part" by a purpose of serving her employer. *A–G Foods, Inc.,* 216 Conn. at 209–10.

The United States does not dispute that Melin was its employee, and proffers a declaration from Dr. Maura Singh, the Medical Director of Home-Based Primary Care at the Veterans Affairs Medical Center in West Haven, Connecticut, stating that Plaintiff was a nurse for the Veterans Health Administration, Geriatrics and Extended Care, on the date of the accident. Singh Decl., ECF No. 14-2 ¶ 2. Thus, the question on the United States' motion to dismiss is whether Melin was acting within the scope of her employment at the time of the accident. The undisputed record establishes she was not.

As part of Melin's duties, she was required to make home visits with patients for various purposes. *Id.* Melin was also required to document all visits in each patient's medical record every two weeks, in a shared file platform. *Id.* ¶ 4. To assist with house calls, Melin was assigned a 2022 Kia Niro with license plate number G41-1218Y, which she kept parked in Milford, Connecticut. *Id.* ¶¶ 2–3. The motor vehicle accident report Melin submitted to her employer after the accident indicated that she was "going to see a veteran for home based primary care" at the time of the accident. Motor Vehicle Rep., ECF No. 14-3. But Melin's home visit records and GPS data for her government-issued vehicle for February 1, 2023, contradict the accident report.

4

Specifically, Melin's only scheduled visit for February 1, 2023, was for a patient in Wilton, Connecticut, which the United States notes is more than an hour south of Bethany (and is likewise south of Milford, where Melin lived and parked the vehicle). ECF No. 14-2 ¶ 6; Melin Visit Records, ECF No. 14-4; ECF No. 14-1 at 7–8. Further, there were no open or unassigned consults that Melin could have been assigned to on February 1, 2023. ECF No. 14-2 ¶ 5.

Dr. Singh also reviewed Melin's vehicle's GPS data for February 1, 2023. The data showed that the locations where Melin took her assigned vehicle were Milford (both to her home, and to the location in Milford where she was required to park the car overnight), East Haven, Cheshire, Bethany, and Beacon Falls, where the car was towed following the accident. GPS Data, ECF No. 14-5 at 2; ECF No. 14-2 ¶¶ 8–9. Dr. Singh attests that there were no patients at any of these locations, nor any reason for Melin to have been at those locations on February 1, 2023, within the scope of her employment (save for Beacon Falls, where the vehicle was towed). *Id.* ¶ 9. Accordingly, the United States asserts that there is no business-related reason that Melin would have been in Bethany, Connecticut at the time of the accident. *Id.* ¶ 10.

Plaintiff has not opposed any of the assertions in the Singh Declaration. On a fact-based motion to dismiss for lack of subject matter jurisdiction, it is Plaintiff's burden to "come forward with evidence of [her] own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Carter*, 822 F.3d at 57. Plaintiff has chosen not to do so here. *See* Status Report, ECF No. 21 at 2 ("On May 14, 2026, Plaintiff's counsel advised that Plaintiff will not be filing an opposition to Defendant's Motion to Dismiss"). Thus, Plaintiff has failed to set forth any evidence to controvert the United States' facts establishing that Melin was not acting within the scope of her employment at the time of the accident on February 1, 2023. Accordingly, the FTCA cannot serve as an

5

exception to the United States' sovereign immunity, and the United States' motion to dismiss for lack of subject matter jurisdiction must be granted. *See Presidential Gardens Assocs.*, 175 F.3d at 139. The complaint is dismissed without prejudice. *See Carter*, 822 F.3d 54–55 (noting that a dismissal for lack of subject matter jurisdiction must be without prejudice).

## IV.    CONCLUSION

For the reasons described herein, the United States' motion to dismiss at ECF No. 14 is GRANTED. The Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 17th day of July, 2026.

        */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE